**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARK ADAMS,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN EDUCATION DISTRICT FOUNDATION, et al.,<br><br>    Defendants. | Case No. 17-cv-05083-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIM 3 WITHOUT LEAVE TO AMEND; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION; VACATING JANUARY 24, 2019 HEARING; ALLOWING PLAINTIFF TO FILE MOTION FOR LEAVE TO AMEND WITHIN 14 DAYS**<br><br>[Re: ECF 59] |

Before the Court is Defendants Metropolitan Education District, Metropolitan Education District Foundation, Alyssa Lynch, Sharon Brown, and Marianne Cartan's (collectively, "Defendants") Motion to Dismiss Plaintiff Mark Adams's First Amended Complaint. *See* Mot., ECF 59. Pursuant to Civil Local Rule 7-1(b), the Court finds the motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for January 24, 2019. Because Plaintiff cannot sue a state entity under the Taft-Hartley Act (his only federal claim) and the Court declines to exercise supplemental jurisdiction over the remaining state law claims, Defendants' motion is GRANTED WITHOUT LEAVE TO AMEND as to claim 3; the federal claim is DISMISSED WITH PREJUDICE, and the state law claims are DISMISSED WITHOUT PREJUDICE to Adams's bringing them in state court. Plaintiff is allowed to file a motion for leave to amend with a proposed second amended complaint **on or before January 30, 2019**.

### I. BACKGROUND

Plaintiff Mark Adams's First Amended Complaint ("FAC") is a sprawling document with many seemingly irrelevant allegations. Because the facts necessary to decide the instant motion are limited, the following background is circumscribed to only the facts necessary to resolve this

motion.

Plaintiff began working for Defendant Metropolitan Education District ("MetroEd") in January 2009. First Am. Compl. ¶¶ 14, 61 ("FAC"), ECF 28. MetroEd is a joint powers authority that was created by and is governed by six school districts in Santa Clara County that have a joint powers agreement. FAC at 3, ¶ 1. The FAC describes MetroEd as a "California Public School district." FAC ¶ 46. MetroEd's presiding officer is under the "control and oversight" of the six school districts "through their appointed representatives which make up MetroEd's Governing Board." FAC ¶ 21. MetroEd provides career technical education and adult education to the Santa Clara region. FAC at 4, ¶ 2. It also provides educational opportunities to adults and high school students within the six school districts. FAC ¶¶ 3–4. MetroEd receives state, federal, local, and charitable funding to provide its services. FAC ¶ 6.

Plaintiff alleges that MetroEd has engaged in a panoply of unlawful conduct, specifically numerous violations of its obligations under the California Education Code, including by not allowing audits to be conducted of its activities under its Joint Powers Act authority. *See e.g.*, FAC ¶¶ 7–18, 32. He also alleges that MetroEd lacks sufficient physical security, leading Plaintiff to be injured breaking up a fight between two students. FAC ¶¶ 70–88. According to Plaintiff, when he attempted to get workers' compensation for this injury, MetroEd treated his claims fraudulently and failed to follow its own sick leave policies. FAC ¶¶ 89–112. He also claims that he was retaliated against for his participation in union-administration negotiations. FAC ¶¶ 113–121. And he alleges that his union representatives and MetroEd and its administrators engaged in fraudulent activity. FAC ¶¶ 128–134.

Based on these allegations, Plaintiff brings twelve causes of action, only one of which is under federal law: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) violation of the Taft-Hartley act, (4) negligence, (5) fraudulent misrepresentation, (6) negligent misrepresentation, (7) business disparagement, (8) slander, (9) claim for wages, (10) wrongful termination, (11) intentional infliction of emotional distress, (12) negligent infliction of emotional distress.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendants argue that the FAC should be dismissed for myriad reasons, including that the FAC fails to plausibly allege facts to state a claim under any of the 12 causes of action. *See generally* Mot. Plaintiff recognizes that his FAC is deficient in many respects and asks the Court to allow him to file a Second Amended Complaint to cure these deficiencies. *See* Opp. at 9, ECF 60 ("Deficits, if any, can be cured in the SAC"); Opp. at 10 ("Defendant is not immune from fraud corruption, or actual malice. This can be plead [sic] in the SAC."); Opp. at 7, 10 (agreeing to drop a defendant and a claim). The Court agrees that the FAC is deficient on many fronts. But, as is most relevant to this motion, the Court holds that Plaintiff's only federal claim (under the Taft-Hartley Act) is barred as a matter of law, and the Court declines to exercise supplemental jurisdiction over the remaining 11 state law claims.

The Taft-Hartley Act, also known as the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141–197, governs the rights of employees in dealing with employers and labor organizations. *See* 29 U.S.C. § 141. The LMRA confers jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . ." 29 U.S.C. § 185(a). The LMRA defines "employer," in relevant part,

3

as follows: "any person acting as an agent of an employer, directly or indirectly, but shall not include . . . any State or political subdivision thereof . . . ." *See id.* § 152(2) (National Labor Relations Act ("NLRA") definition); *id.* § 142(3) (adopting NLRA definition). Under the statute's plain language, then, the LMRA "do[es] not apply to an employer that is a political subdivision of a state." *Lauser v. City Coll. of San Francisco*, 359 F. App'x 755, 756 (9th Cir. 2009) (citing *Ayres v. International Bhd. of Elec. Workers*, 666 F.2d 441, 442–44 (9th Cir. 1982)). "Factors to consider to determine if an employer is a political subdivision of a state include whether the entity is administered by individuals who are beholden to public officials or to the general electorate and whether the entity was created by the state." *Id.* at 756–57.

Plaintiff brings his Taft-Hartley Act claim against MetroEd only. *See* FAC ¶ 160; *cf.* FAC ¶ 14 (describing MetroEd as Plaintiff's employer). MetroEd is not subject to suit under the Taft-Hartley Act because it is a political subdivision of the state. First, MetroEd was created by the state. MetroEd was created by six school districts in Santa Clara County through a joint powers agreement. FAC at 3, ¶ 1. Indeed, the FAC describes MetroEd as a "California Public School district" and alleges that it is subject to various provisions of the Education Code. FAC ¶¶ 7–18, 32, 46; *see Lauser*, 359 F. App'x at 756 (holding community college not subject to suit under LMRA). Second, MetroEd is administered by individuals who are responsible to public officials or to the general electorate. MetroEd is under the "control and oversight" of appointed representatives on the Governing Board. FAC ¶ 21. Finally, Plaintiff does not dispute MetroEd's status as a state entity. See Opp. at 5–6 (arguing MetroEd not subject to Eleventh Amendment immunity because it waived the immunity, not because it is not a state entity). Because MetroEd is a political subdivision of the state, it is not subject to suit under the Taft-Hartley Act. Plaintiff's Taft-Hartley Act claim is thus DISMISSED WITH PREJUDICE.

Having dismissed Plaintiff's only federal claim with prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims under state law. *See* 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim [brought under supplemental jurisdiction] if . . . the district court has dismissed all claims over which it has original jurisdiction.")

4

Plaintiff argues that he should have the opportunity to amend his complaint to add new federal law claims, which would allow this Court to retain federal question jurisdiction. *See* Opp. at 5. But Plaintiff has not moved to amend his complaint. The Court cannot grant a request not properly before it. Moreover, the deadline to amend the pleadings in this case was May 14, 2018. *See* ECF 55. Plaintiff has not demonstrated that good cause exists to allow amendment after that deadline, as is required by Federal Rule of Civil Procedure 16(b)(4). Even if Plaintiff believes that the Court suggested in March 2018 that "he had the Court's permission to file a second amended complaint," Opp. at 3, this does not explain why he did not do so by the May 2018 deadline, and even more so why he did not do so before Defendants filed their motion to dismiss in July 2018, or before this Court spent time resolving the motion. Finally, Plaintiff does not justify why the Court should allow him to add entirely new federal law claims to this case nearly a year and a half after the case was first filed, especially given that Plaintiff has already taken the opportunity to amend once.

However, given that Plaintiff raised the desire to amend in his opposition in August 2018, the Court will delay issuing judgment and dismissing this action in its entirety for 14 days to allow Plaintiff the opportunity to file a motion for leave to amend his FAC. The motion for leave to amend must include as an attachment a proposed second amended complaint. Defendants will have 14 days to respond, and Plaintiff will have 7 days to file a reply. No hearing will be held. Plaintiff is thus allowed to file a motion for leave to amend with a proposed second amended complaint **on or before January 30, 2019**. Failure to comply with this order will lead to dismissal of this action without prejudice to refiling in state court.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED, the federal claims are DISMISSED WITH PREJUDICE, and the state law claims are DISMISSED WITHOUT PREJUDICE to Adams's bringing them in state court. Plaintiff is allowed to file a motion for leave to amend within 14 days, or the case will be dismissed in its entirety.

**IT IS SO ORDERED.**

Dated: January 16, 2019

_____
BETH LABSON FREEMAN
United States District Judge