UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK ADAMS,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN EDUCATION DISTRICT FOUNDATION, et al.,<br><br>    Defendants. | Case No. 17-cv-05083-BLF<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND; TERMINATING ACTION**<br><br>[Re: ECF 63] |

On January 16, 2019, the Court dismissed Plaintiff Mark Adams's only federal law claim in his First Amended Complaint ("FAC"), holding that his claim under the Taft-Hartley Act is barred because Defendant Metropolitan Education District is a political subdivision of the state. ECF 62. The Court declined to exercise supplemental jurisdiction over his state law claims. *Id.* In his opposition to Defendants' motion to dismiss, Plaintiff requested leave to amend his FAC, recognizing that it had many deficiencies and attaching a proposed Second Amended Complaint ("SAC"). ECF 60 at 1, 3. The Court responded to this request as follows:

> Plaintiff argues that he should have the opportunity to amend his complaint to add new federal law claims, which would allow this Court to retain federal question jurisdiction. *See* Opp. at 5. But Plaintiff has not moved to amend his complaint. The Court cannot grant a request not properly before it. Moreover, the deadline to amend the pleadings in this case was May 14, 2018. *See* ECF 55. Plaintiff has not demonstrated that good cause exists to allow amendment after that deadline, as is required by Federal Rule of Civil Procedure 16(b)(4). Even if Plaintiff believes that the Court suggested in March 2018 that "he had the Court's permission to file a second amended complaint," Opp. at 3, this does not explain why he did not do so by the May 2018 deadline, and even more so why he did not do so before Defendants filed their motion to dismiss in July 2018, or before this Court spent time resolving the motion. Finally, Plaintiff does not justify why the Court should allow him to add entirely new federal law claims to this case nearly a year and a half after the case was first filed, especially given that Plaintiff has already taken the opportunity to amend once.

ECF 62 at 5. Nevertheless, the Court gave Plaintiff 14 days in which to file a motion for leave to amend.

On January 30, 2019, nearly six months after the deadline to amend the pleadings in this case, and nearly one-and-a-half years since filing his Complaint, Plaintiff filed a motion for leave to amend. ECF 63. Plaintiff seeks leave to amend his Complaint by removing *all* of his original claims (the barred Taft-Hartley Act claim and all eleven state law claims) and alleging five new federal law claims. *See* ECF 63-1. Plaintiff argues that these claims are based on the same conduct alleged in the original Complaint and FAC, as well as perhaps additional conduct by Plaintiff in "reporting of questionable or improper conduct and the discrimination, ADA violations and the retaliation plaintiff was subjected to." ECF 63 at 2–3. Importantly, he argues that leave to amend shall be freely given under Federal Rule of Civil Procedure 15(a), as opposed to arguing that good cause exists, as required under Rule 16(b)(4), as made clear in the Court's previous order. *See* ECF 63, 66.

On March 2, 2018, Plaintiff stipulated to his intent to file a SAC "during the week of March 12, 2018." ECF 53. On April 5, 2018, June 7, 2018, and June 25, 2018, the parties conferred via email about Plaintiff's intent to amend, and on each occasion, Plaintiff indicated his intent to amend. Bengtson Decl. ¶ 3, ECF 65-1. On July 24, 2018, Defendants moved to dismiss, which Plaintiff opposed by conceding, in part, that his FAC was deficient. ECF Nos. 59, 60. And yet he did not move for leave to amend by the May 14, 2018 deadline; he did not move for leave to amend in response to his conferences with Defendants; he did not move for leave to amend in the face of a motion to dismiss; and he did not move for leave to amend before this Court took the time to rule on a motion to dismiss that he admitted was meritorious. Now, he fails to provide any justification for this delay. The Court's order granting him 14 days to file a motion for leave to amend was a courtesy to allow him to demonstrate *good cause* under Rule 16 why the Court should amend the scheduling order. He does not even attempt to satisfy this requirement.

The Court holds that Plaintiff was not diligent in seeking leave to amend. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737–38 (9th Cir. 2013)*, aff'd*

2

*sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 ("[T]he focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." (citations, alterations, and internal quotation marks omitted)).  He also has not demonstrated why he could not have brought these claims when he first filed this action. *See id.*  At bottom, it appears Plaintiff was simply careless; "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Because Plaintiff unduly delayed in seeking to amend his Complaint (with entirely new claims) and failed to demonstrate good cause under Rule 16, the motion for leave to amend is DENIED.  Having dismissed Plaintiff's only federal law claim with prejudice and declined to exercise supplemental jurisdiction over his state law claims, the Court has dismissed all claims in this case.  The case is hereby TERMINATED.

**IT IS SO ORDERED.**

Dated: March 8, 2019

_____
BETH LABSON FREEMAN
United States District Judge